IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**AMELIA CASEY**
      AND                        CASE NO.
**WILLIAM CASEY**
5 COVERED BRIDGE DR.
GUILFORD, CONNECTICUT 06437

      PLAINTIFFS

                              COMPLAINT AND JURY DEMAND

      - VS. -

THOR MOTOR COACH, INC.
C/O CT CORPORATION SYSTEM, S/A
150 WEST MARKET ST., STE 800
INDIANAPOLIS, IN 46515

      DEFENDANT

---

## PRELIMINARY STATEMENT

1.    This case involves claims asserted under the Indiana Uniform

       Commercial Code, the Magnuson Moss Warranty Act, and the

       Indiana Deceptive Consumer Sales Act, IC 24-5 et seq.

2.    Jurisdiction exists with this court because a federal claim exists in

       which there is more than $50,000 in controversy under 15 USC

       2301 et seq, invoking 28 USC 1331, and/or the amount in

controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3.   The vehicle which is the subject of this dispute was acquired by Plaintiffs in New Hampshire and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by Defendant's authorized representative dealership in New Hampshire; the place where the relationship of the parties arose is New Hampshire because the warranty obligations of Defendant were received by Plaintiffs with the purchase of the subject RV in New Hampshire and Defendant directly interacted with Plaintiffs in New Hampshire, Connecticut, and Indiana.

## IDENTIFICATION OF PARTIES

4.   Amelia and William Casey are natural persons domiciled in, residing in, and citizens of Connecticut, and are consumers and buyers within the meaning of applicable laws.

5.   Defendant is a corporation authorized to do business and doing business in Indiana, New Hampshire, Connecticut, and elsewhere, which is incorporated in Delaware, has a principal place of business in Indiana, and is a warrantor of a recreational vehicle that Plaintiffs acquired and a supplier and a merchant.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

6.  This case involves a defective 2019 Thor Challenger recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract Defendant breached.

7.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

8.  This claim is for breach of warranty and/or contract by Defendant in Indiana.

9.  As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

10. At all times relevant, Cold Springs RV was a supplier and merchant and an authorized representative and agent of Defendant. Cold Springs RV was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiffs acquired the subject RV from Cold Springs RV and warranty repair attempts upon the subject RV were

made by Cold Springs RV.

11.   On or about April 5, 2019 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from the Dealer, the Dealer agreed to sell to Plaintiffs, under the terms of a Retail Installment Contract and Security Agreement, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2019 Thor Challenger recreational vehicle believed to bear VIN # 1F66F5DY2J0A14637, and whose total cost was about 214,367.80 including interest.

12.   Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

13.   The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of the RV, and (c) to give Plaintiffs confidence in the defendant's representations about the subject vehicle and the vehicles Defendant designed and built, and

(d) to give Plaintiffs confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

14. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

15. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Thor Motor Coach, Inc., included, but are not limited to: Dent in Roof, Pantry Drawer Does Not Open/Close Properly, Awning LED Lights Inoperative, Fascia Loose, Power Door Hatch Missing Latch, Compartment Door Latch Inoperative, Drivers Side Slide Out Inoperative, Half Bath Drain Leaks, Bedroom Drawer Has Extra Holes, Protrusion in Sidewall, Bedroom Sliding Doors Missing Door Stopper, Door Panels Scratched/Gouged, Linoleum Has Hole at Entry Door, Kitchen Slide Out Not Coming In Completely, Overhead Bunk Not Secure During Transport, Kitchen Table Has Smudge Marks, Kitchen Window Screen Bending, Trim in Rear Bathroom Shower Bowing,

Hole in Cabinet Not Large Enough to Pull Cord Through, Full Bath
Shower Trim Loose, Living Room TV Inoperative, Dinette Speaker
Has Loud Static, Main Entry Door Sticks, Outside TV Door Bowed,
Outside TV Door Doesn't Shut Properly, Rear T Lock Loose on
Drivers Side Main Slide Out, Bathroom Floor Peeling, Stove Top
Broke, Compartment Door Handle Broke, Replace Dinette/Coach
Slide Awning Cover, Leak Under Kitchen Faucet, Water Heater
Inoperative, Dinette Slide Out Will Not Come In, Dinette Slide Out
Will Not Go Out, Dinette Slide Leaking, Floor Stained, Kitchen Side
Front Awning Sagging, Rear Passengers Side Compartment
Leaking, Access Panel Buckling/Coming Off, and Half Bath Sink
Rusting, among other things.

16.   Defendant was notified of defects and non-conformities in the
vehicle and the authorized repair facility's failed repair attempts
repeatedly prior to filing this case.

17.   In all respects, Plaintiffs substantially if not completely performed
their obligations under the RV's warranty from Thor Motor Coach,
Inc. and Thor Motor Coach, Inc. did not perform its obligations, as
set forth herein above and below.

18.   Because of the contract and/or warranty-covered defects, Plaintiffs

notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

19.   Prior to Plaintiffs even taking delivery of the RV, the RV was at the factory warranty authorized repair shop for at least 1 day for repair of the following defects under Defendant's warranty:

- Dent in Roof;
- Pantry Drawer Does Not Open/Close Properly;
- Awning LED Lights Inoperative;
- Power Door Hatch Missing Latch;
- Half Bath Drain Leaks.

20.   The RV went into the factory warranty authorized repair shop on June 1, 2019 for about 21 days for repair of the following defects under Defendant's warranty:

- Fascia Loose;
- Compartment Door Latch Inoperative;
- Drivers Side Slide Out Inoperative;
- Bedroom Drawer Has Extra Holes;
- Protrusion in Sidewall;
- Bedroom Sliding Doors Missing Door Stopper;
- Door Panels Scratched/Gouged;
- Linoleum Has Hole at Entry Door;
- Dinette Slide Out Will Not Come In;
- Kitchen Slide Out Not Coming In Completely;
- Overhead Bunk Not Secure During Transport;

- Kitchen Table Has Smudge Marks;
- Kitchen Window Screen Bending;
- Trim in Rear Bathroom Shower Bowing;
- Hole in Cabinet Not Large Enough to Pull Cord Through;
- Full Bath Shower Trim Loose;
- Living Room TV Inoperative;
- Dinette Speaker Has Loud Static;
- Main Entry Door Sticks;
- Outside TV Door Bowed;
- Outside TV Door Doesn't Shut Properly;
- Rear T Lock Loose on Drivers Side Main Slide Out.

21.    On July 10, 2019 the RV was back in the same factory authorized

repair facility for another day for repair of the following defects

under Defendant's warranty:

- Dinette Slide Out Will Not Go Out.

22.    On August 20, 2019 the RV was back in the same factory

authorized repair facility for another 2 days and for repair of the

following defects under Defendant's warranty:

- Dinette Slide Out Will Not Come In;
- Bathroom Floor Peeling;
- Stove Top Broke;
- Compartment Door Handle Broke;
- Replace Dinette/Coach Slide Awning Cover.

23.    On August 26, 2019 the RV was subject to repair by the same

factory authorized repair facility's mobile service for another day for

repair of the following defects under Defendant's warranty:

- Leak Under Kitchen Faucet;
- Hot Water Heater Inoperative.

24.    Then on February 14, 2020, the RV was again back in the same

factory authorized repair facility for another 91 days for repair of

the following defects under Defendant's warranty:

- Dinette Slide Out Will Not Come In;
- Dinette Slide Leaking;
- Floor Stained;
- Kitchen Side Front Awning Sagging;
- Rear Passengers Side Compartment Leaking;
- Access Panel Buckling/Coming Off;
- Half Bath Sink Rusting;
- Moisture in Bedroom Slide; and
- Gauged Bedroom Slide Door.

25.    However, Thor failed to repair the RV's defects within a reasonable

amount of time and/or a reasonable number of repair attempts.

26.    After Thor failed to repair the RV's defects in a reasonable number

of attempts and/or a reasonable amount of time, Plaintiffs

requested that an independent service shop of their choice repair

the RV's defects and have Defendant pay for it to perform the

repairs. However, the independent service shop would not do that,

and further advised Plaintiffs that any repair of the slide out

system in their RV would not be a permanent fix. And, to make

matters worse, Thor was not willing to pay Plaintiffs their

diminished value damages.

27.    As a result of the above, Plaintiffs exhausted both the repair

remedy and the back up remedy in Defendant's warranty, and both remedies failed of their essential purpose.

28. Plaintiffs had about 50 telephone calls with Thor Motor Coach, Inc. and its dealers and/or other entities for help with the RV and during most if not all of these, Plaintiffs were in Connecticut. 48 calls were with Defendant's authorized representative dealer in New Hampshire and 2 calls were with Thor Motor Coach, Inc.

29. In addition to the above phone calls, a series of written emails and text messages occurred between Plaintiffs and Thor Motor Coach, Inc. and its dealers and/or other entities for help with the RV and during most if not all of these, Plaintiffs were in Connecticut. 9 texts or emails were with Defendant's authorized representative dealer in New Hampshire; 9 texts or emails were with Thor Motor Coach, Inc.

30. After the RV was in the repair shop about 6 times and out of service a total of about 117 days or more in the first year and had accumulated about 40 different defects since its acquisition, Plaintiffs notified Defendant that they wanted their money back but Defendant would not do that.

31. In spite of Defendant's obligations, when Plaintiffs complained of

the inability of Defendant and its authorized warranty-repair facility to repair the vehicle, Defendant did not repair or replace or repurchase the subject vehicle.

32.   Prior to filing this case, including on April 21, 2020 and one or more other dates, Plaintiffs provided notice to Defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

33.   Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiffs lost all confidence in the reliability and quality of the RV, and Plaintiffs lost all confidence in Thor Motor Coach, Inc. as a company.

34.   As a result Defendant breached its express and/or implied warranties and/or contract and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

35.   As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are

entitled to all applicable legal and equitable remedies in law.

36.   In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

37.   Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

38.   Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

39.   The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to

Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

40. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendant to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

41. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

42. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

43. One or more of the defects and malfunctions in the vehicle were covered under the terms of defendant's warranties and/or contract, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

44.   Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

45.   Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

**SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT**

46.   The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

47.   This claim is for breach of express and/or implied warranties and/or contract of warranties and/or defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

48.   As a result of the above, among other things, Defendant has

breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

49. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

50. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**THIRD CLAIM: UDAP LAW(S)**

51. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

52. This claim is for violation of the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq. by Defendant.

53. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant and remain uncured, including but not limited to:

1. Representing that the subject of a consumer transaction has

performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have;

2. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not;

3. Representing that the transaction involves or does not involve a warranty and/or contract, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false;

4. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not;

5. Breach of express and/or implied warranties and/or contract;

6. Violation of the Magnuson Moss Warranty Act and/or its applicable regulations;

7. Violation of other consumer protection statute(s);

8. Failing to remedy defects in a warranted RV within a

reasonable number of attempts;

9. Failing to remedy defects in a warranted RV within a reasonable amount of time;

10. Failing to honor a request to take the RV back and/or rescind and/or cancel the sales and warranty and/or contract transaction;

11. Failing to honor a request to take the RV back and rescind and/or cancel the sales and warranty and/or contract transaction within a reasonable amount of time;

12. Including one or more unconscionable and/or unreasonable terms in the written warranty document(s) and/or one or more terms and/or conditions not fully and conspicuously disclosed in simple an readily understood language;

13. Stalling and/or delaying the performance of a legal obligation;

14. Representing that defects have been repaired when in fact they were not;

15. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not;

16. Soliciting a person to enter into a contract or agreement that contains terms and/or conditions that are not fully and conspicuously disclosed in simple an readily understood language, terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement;

17. Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose;

18. Knowingly distributing goods for retail sale to consumers that it knows or should know are defective without disclosing such;

19. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to be defective without disclosing such;

20. Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such;

21. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such;

22. Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective during the first year after purchase by the retail buyer without disclosing such;

23. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective during the first year after purchase by the retail buyer without disclosing such;

24. Failing to make replacement of warranted defective parts available to a consumer within a reasonable time;

25. Failing to make a refund of the cost of warranted goods when it has failed to make replacement of warranted defective parts available to a consumer within a reasonable time;

26. Failing to pay diminished value damages upon request and where both the repair remedy has failed of its essential purpose and the defects are incurable.

54. As a result of the above, inter alia, Defendant committed one or more abusive and/or unfair and/or deceptive and/or

unconscionable acts, omissions, or practices in violation of the Indiana Deceptive Consumer Sales Act, before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2019 Thor Challenger.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1.  On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2.  On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3.  On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,


/s/ Elizabeth Ahern Wells____
ELIZABETH AHERN WELLS
RONALD L. BURDGE
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:     937.432.9500
Fax:           937.432.9503
Email:         Beth@BurdgeLaw.com
               Ron@RvLemonLaw.com

\\bl-dc\Data\data\Casey, Amelia & William\Core Pleadings\Core Complaint 061120 bw.wpd